# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: May 19, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | UNPUBLISHED |
| SHANNYN BARNARD, | * | No. 18-1866V |
| | * | Special Master Horner |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Anne C. Toale, Maglio Christopher and Toale, Sarasota, FL, for Petitioner.
Lisa A. Watts, United States Department of Justice, Washington, D.C., for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On December 6, 2018, Shannyn Barnard filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to 34 (2012). Petitioner alleged that she suffered Guillain-Barré syndrome ("GBS") as a result of her receipt of a Tetanus Diphtheria Acellular Pertussis ("Tdap") vaccination on February 21, 2016. Petition at 1. On April 21, 2020, the parties filed a stipulation, which I adopted as my decision awarding compensation on the same day. (ECF. No. 40).

On February 4, 2020, petitioner filed an application for attorneys' fees and costs. (ECF No. 34) ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $34,521.33 (representing $31,385.70 in fees and $3,135.63 in costs). Fees App. at 1. Respondent responded to

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

the motion on February 10, 2020, indicating that "Respondent defers to the Court to determine whether or not petitioner has met the legal standard for an interim fees and costs award" and requests that I exercise my discretion and determine a reasonable award for attorneys' fees and costs. Resp. at 3 (ECF No. 35).[3] Petitioner filed a reply on February 11, 2020, reiterating her belief that the requested attorneys' fees and costs are reasonable. Reply at 5. (ECF No. 36).

This matter is now ripe for consideration.

**I.    Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). This is a two-step process. *Id.* at 1347-48. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 894-95. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the

---

[3] Because petitioner filed her motion for attorneys' fees and costs before the filing of the stipulation, respondent has characterized it as a motion for interim fees and costs. However, the matter concluded two months after the filing of the instant motion with petitioner being awarded compensation, and petitioner has not sought further attorneys' fees and costs to cover the period from when she initially filed her motion until judgment was entered. Thus, I will construe petitioner's pending motion as a motion for final attorneys' fees and costs.

Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a. Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, and 2020 can be accessed online.[4]

Petitioner requests compensation for her counsel at the following rates: for Ms. Anne Toale, $402.00 per hour for work performed in 2018, $420.00 per hour for work performed in 2019, and $445.00 per hour for work performed in 2020; for Mr. Altom Maglio, $381.00 per hour for work performed in 2018; and for Ms. Jessica Olins, $184.00 per hour for work performed in 2018. Fees App. Ex. 1 at 18. These rates are consistent with what these attorneys have previously been awarded for their Vaccine Program work, and I find them to be reasonable for work performed in in the instant case as well.

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521. While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.

Upon review, I find the overall hours billed to be reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed, and, upon review, the undersigned does not find any of the billing entries to be unreasonable.  Respondent also did not indicate that he finds any of the billing entries to be unreasonable.  Accordingly, Petitioner is entitled to final attorneys' fees in the amount of $31,385.70.[5]

---

[4] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914.

[5] I note that upon review of the billing records, it appears that paralegals have increased the amount of time billed for collection of medical records. This increased time may be subject to future cuts if the time spent does not appear justified by case-specific factors.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $3,135.63 in attorneys' costs. This amount comprises the cost of obtaining medical records, the Court's filing fee, postage, and travel costs to meet with petitioner. Fees App. Ex. 2 at 1-2. Petitioner has provided adequate documentation supporting the requested costs and all appear reasonable in my experience. Petitioner is thus entitled to the full amount of attorneys' costs sought.

## II. Conclusion

Based on all the above, I find that petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested | $31,385.70 |
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$31,385.70** |
| | |
| Attorneys' Costs Requested | $3,135.63 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$3,135.63** |
| | |
| **Total Attorneys' Fees and Costs** | **$34,521.33** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I have reviewed the billing records and costs in this case and finds that petitioner's request for fees and costs is reasonable. **Accordingly, I award a lump sum in the amount of $34,521.33, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and her attorney, Ms. Anne Toale.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

s/Daniel T. Horner
Daniel T. Horner
Special Master

---

[6] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).